NATIONAL COALITION FOR RE-DRESS/REPARATIONS; Joe M. Suzuki, on behalf of himself and others deprived of redress by defendants' breach of fiduciary duty Plaintiffs–Appellants,

v.

UNITED STATES of America; Janet Reno, Attorney General; Robert E. Rubin, U.S. Treasury Secretary Defendants–Appellees.

No. 00–15154.

D.C. No. CV–98–03932–CAL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 11, 2000.

Decided Feb. 15, 2001.

---

Before SCHROEDER, Chief Judge, NOONAN and W. FLETCHER, Circuit Judges.

## MEMORANDUM[1]

Appellants Joe M. Suzuki and National Coalition for Redress/Reparations (NCRR) appeal the district court's dismissal of their claims. We dismiss Appellant Suzuki's appeal as moot. We affirm the judgment of the district court as to Appellant NCRR.

Appellant Suzuki is one of a number of Japanese Latin Americans who were forcibly removed from their homes in Latin America and interned in the United States during World War II. He is also part of the class that settled their claims against the government in *Mochizuki v. United States*, 43 Fed.Cl. 97 (1999). Under that settlement, he was paid $5000 in December 1999, while this case was on appeal. Suzuki's only claim in this case was for his payment of $5000. Because he has already received the compensation he sought in this case, his appeal is moot.

Appellant NCRR's only claim pertains to its loss due to the government's alleged failure to invest funds allocated to the Civil Liberties Public Education Fund. That claim is not redressable because the fund has been terminated and its administering board no longer exists. We therefore affirm the district court's dismissal of NCRR's suit for lack of standing.

Appellant Suzuki's appeal is DISMISSED as moot. The judgment of the district court as to Appellant NCRR is AFFIRMED.

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.